# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JUNIOR KEMPER SPRADLIN,** | **CASE NO. 7:15CV00032** |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| **U.S. MARSHALS SERVICE, *ET AL.*,** | By: Norman K. Moon |
| | United States District Judge |
| Defendant(s). | |

Junior Kemper Spradlin, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 against the U.S. Marshals Service and other law enforcement agencies, alleging that they violated his civil rights in unspecified ways. "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" and "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." 28 U.S.C. § 1915A(a)-(b)(1). Upon review of Spradlin's complaint, I conclude that he states no factual basis for a federal civil rights claim against the defendants he has named and, therefore, I will summarily dismiss this case without prejudice as frivolous.

Spradlin sues the United States Marshals Service and one marshal; the sheriff's department of Sullivan County, located in Bristol, Tennessee; the Bristol, Virginia, police department and SWAT team; and one detective from Washington, County, Virginia. Against these defendants, Spradlin states only conclusory allegations that they violated his rights under

various federal statutes and state common law theories on April 27, 2011.* As relief in this action, Spradlin seeks "compensation."

Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Spradlin cannot prevail in a § 1983 claim or a *Bivens* claim against the Marshals Service or any other governmental department or team, as these entities are not "persons" subject to suit under § 1983. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that a *Bivens* action is unavailable against a federal agency)*; Preval v. Reno*, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (finding that state and its agencies are not persons under § 1983).

Spradlin also fails to state any § 1983 claim against individual officers in any of the named law enforcement agencies, because he does not allege facts showing that any particular officer took actions that violated his rights. "Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that § 1983 "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights").

---

* In any event, this court has held that Virginia's two-year statute of limitations for personal injury actions, Virginia Code §8.01-234(A), applies to prisoner civil actions, brought pursuant to §1983, as well as to claims brought under *Bivens*. *See Shelton v. Angelone*, 148 F.Supp.2d 670, 677 (W.D. Va. 2001) (refusing to apply §8.01-243.2 one-year statute of limitation in prisoner §1983 action) (citing *Owens v. Okure*, 488 U.S. 235, 239-40 (1989); *Wilson v. Garcia*, 471 U.S. 261 (1985); *Reinbold v. Evers*, 187 F.3d 348, 358 n. 10 (4th Cir. 1999). Spradlin clearly failed to bring this action within two years of the alleged violations.

2

For the reasons stated, I conclude that Spradlin's submissions do not provide a factual or legal basis for any claim actionable under § 1983 or *Bivens*. Therefore, I will dismiss the complaint without prejudice, pursuant to § 1915A(b)(1), as frivolous.

ENTER: This __14th__ day of May, 2015.

/s/ Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE